July 26, 2004

The Honorable Allan B. Ritter
Chair, Committee on Pensions and Investments
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0221

Re: Whether article XVI, section 67(a)(2) of the Texas Constitution would preclude retired City of Houston employees from receiving benefits from both the existing pension system and a separate retirement system that the City is contemplating establishing under section 810.001 of the Government Code (RQ-0172-GA)

Dear Representative Ritter:

On behalf of the City of Houston (City), you ask whether article XVI, section 67(a)(2) of the Texas Constitution, which prohibits a person from receiving benefits "from more than one [retirement] system for the same service," TEX. CONST. art. XVI, § 67(a)(2), would preclude a retired City employee from receiving benefits from both the existing municipal pension system, established under article 6243h of the Revised Civil Statutes, and a separate retirement system that the City is contemplating establishing under section 810.001 of the Government Code.[1]

The City is considering establishing, under section 810.001 of the Government Code, a public retirement system that may qualify for favorable tax treatment under 26 U.S.C. § 401. *See* 26 U.S.C. § 401(a) (2000); TEX. GOV'T CODE ANN. § 810.001(b) (Vernon Supp. 2004); Request Letter, *supra* note 1, at 1. Contributions to the plan would consist entirely of the lump sum to which a departing employee is entitled for unused sick leave and vacation leave accumulated over the entire course of his or her employment with the City (Lump Sum Payment). *See* Request Letter, *supra* note 1, at 1. "Both the employee and the City are liable for [federal unemployment tax under 26 U.S.C. § 3101 (FICA)] on the Lump Sum Payment," and "[t]he employee is also subject to federal income tax on the Lump Sum Payment" in the tax year in which it is received. *Id*. The proposed City retirement system, if established, would lessen the tax burden on both the City and the employee:

> By contributing all or a portion of the Lump Sum Payment to the Proposed Section 401(a) Plan, the City and the terminating employee would not be liable for FICA tax on the contributed amounts and the

---

[1] *See* Letter from Honorable Allan B. Ritter, Chair, Committee on Pensions and Investments, Texas House of Representatives, to Honorable Greg Abbott, Texas Attorney General (Jan. 21, 2004) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

terminating employee would not be subject to federal income tax on the contributed amount until . . . the amount is distributed to the employee [presumably in smaller annual payments].

*Id.* at 2.

The employees who would be eligible to participate in the proposed plan are municipal employees who currently are members of the Houston Municipal Employee Pension System (HMEPS), an entity independent of the City. *See id. See generally* TEX. REV. CIV. STAT. ANN. art. 6243h (Vernon Supp. 2004). The HMEPS administers, manages, and operates the pension system under article 6243h of the Revised Civil Statutes. *See* TEX. REV. CIV. STAT. ANN. art. 6243h, § 2(a)-(b) (Vernon Supp. 2004) (continuing the pension board of the predecessor system and requiring the pension board to operate for the benefit of the municipal employees); *see also infra* at 2-3 (summarizing article 6243h). According to a recent legislative report, the HMEPS provides retirement, disability, and survivor benefits for approximately 20,000 eligible active and retired City and HMEPS employees, not including police officers and firefighters. *See* HOUSE COMM. ON PENSIONS & INVESTMENTS, BILL ANALYSIS, Tex. H.B. 601, 78th Leg., R.S. (2003).

We do not consider federal tax issues related to the proposed plan. You indicate that the City has requested the Internal Revenue Service's opinion concerning the proposed plan's "qualified and exempt status" under 26 U.S.C. §§ 401(a) and 501(a). Request Letter, *supra* note 1, at 3. You ask us to decide only certain state law issues related to the plan, and you are particularly concerned with article XVI, section 67(a)(2) of the Texas Constitution. *See id.* at 2-3.

Article XVI, section 67 provides generally for retirement systems and specifically for the creation of local retirement systems. *See* TEX. CONST. art. XVI, § 67. In general, the legislature is authorized to "enact general laws establishing systems and programs of retirement and related disability and death benefits for public employees and officers." *Id.* § 67(a)(1). With regard to municipal retirement systems in particular, the legislature is required to provide by law for "the creation by any city . . . of a system of benefits for its officers and employees." *Id.* § 67(c)(1)(A). Benefits under a municipal system must be "reasonably related to participant tenure and contributions." *Id.* § 67(c)(2). Under section 67(a)(2), no person may receive benefits "from more than one system for the same service," although "the legislature may provide by law that a person with service covered by more than one system or program is entitled to a fractional benefit from each system or program based on service rendered under each system or program calculated as to amount upon the benefit formula used in that system or program." *Id.* § 67(a)(2).

Article 6243h of the Revised Civil Statutes provides for the administration of a pension system in a municipality of 1.5 million or more people, such as Houston. *See* TEX. REV. CIV. STAT. ANN. art. 6243h, §§ 1(4), (18), 2(a) (Vernon Supp. 2004); *see* BUREAU OF THE CENSUS, U.S. DEP'T OF COMMERCE, 2000 CENSUS OF POPULATION, General Population Characteristics: Texas (City of Houston population: 1,953,631).[2] The term "pension system" includes "retirement . . . benefit plans for municipal employees." *Id.* § 1(18). Although article 6243h does not expressly authorize the City

---

[2]*Available at* http://factfinder.census.gov/.

to create a pension system, it expressly requires the "pension board of the predecessor system," in existence since 1943, to "continue to administer, manage, and operate the pension system, including directing investments and overseeing the fund's assets." *Id.* § 2(a); *see id.* § 1(19) (defining the term "predecessor system" to mean "the retirement system authorized by Chapter 358, Acts of the 48th Legislature, Regular Session, 1943"). With some exceptions, all municipal employees and executive officials are eligible for membership in the system. *See id.* § 5(a)-(d). Employees who are ineligible for membership include "employees in positions covered by any other pension plan of the city to which the city contributes . . . ." *Id.* § 4(5).

Section 810.001 of the Government Code, under which the City proposes to create the separate plan, generally authorizes "the governing body of a political entity," which includes a municipality, to create "a public retirement system for its appointive officers and employees and [to] determine the benefits, funding source and amount, and administration of the system." TEX. GOV'T CODE ANN. § 810.001(a)(1), (b) (Vernon Supp. 2004). The term "'[p]ublic retirement system' means a continuing, organized program or plan (including a plan qualified under [26 U.S.C. § 401(a)]) of service retirement, disability retirement, or death benefits for" the political entity's "officers or employees," excluding certain programs, accounts, or plans not at issue here. *Id.* § 810.001(a)(2). The authority to establish and maintain a public retirement system does not extend to

a political entity to the extent that the entity, by specific statute, is:

> (1) required to establish or participate exclusively in a particular public retirement system; or

> (2) prohibited from establishing or participating in any public retirement system or in a particular retirement system.

*Id.* § 810.001(d). The authority to establish and maintain a public retirement system under section 810.001 is cumulative of "other statutory authority to provide a public retirement system or programs specifically excluded from the definition of a public retirement system." *Id.* § 810.001(e); *see id.* § 810.001(a)(2)(A)-(E).

A pension payment that a retired employee receives under article 6243h and a portion of the Lump Sum Payment that the same retired employee would receive under the City's proposed plan are both benefits "for the same service" for the purposes of article XVI, section 67(a)(2). TEX. CONST. art. XVI, § 67(a)(2). The Lump Sum Payment accrues during the term of an employee's service to the City and is thus a benefit based on service. Consequently, the City's proposed plan is not strictly a defined contribution plan that is beyond the reach of article XVI, section 67 as a briefer suggests.[3] *See Shanks v. Treadway*, 110 S.W.3d 444, 445 n.1 (Tex. 2003) (describing defined benefit plans and defined contribution plans).

---

[3]*See* Brief from James R. Griffin & Edward C. Small, Jackson Walker L.L.P., representing AIG VALIC, to Honorable Greg Abbott, Texas Attorney General, at 4-5 (June 11, 2004) (on file with Opinion Committee).

Resolving the issue you raise—whether article XVI, section 67(a)(2) of the Texas Constitution effectively prohibits a retired municipal employee from receiving benefits from both a pension system created under article 6243h of the Revised Civil Statutes and a municipal retirement system created under section 810.001 of the Government Code—hinges on whether both are systems of retirement benefits under article XVI, section 67(a). *See* Request Letter, *supra* note 1, at 1; *see* TEX. CONST. art. XVI, § 67(a)-(b). If they both are, an employee clearly may not receive benefits from both for the same service. *See id*. art. XVI, § 67(a)(2).

Central to the issue is the meaning of the term "system" in section 67(a)(2), which prohibits a person from receiving benefits "from more than one *system* for the same service." TEX . CONST. art. XVI, § 67(a)(2) (emphasis added). The term appears to refer back to the preceding subsection, (a)(1), which authorizes the legislature to provide for "systems . . . of retirement . . . benefits for public employees and officers." *Id.* § 67(a)(1). We accordingly construe the term "system" in subsection (a)(2) to mean a "system[] of retirement benefits," and it is this phrase that is key to determining whether a retired City employee may receive benefits from both the HMEPS and a separate City plan.

Article XVI, section 67 does not define the phrase "system . . . of retirement . . . benefits." *See id*. Consequently, we interpret the phrase by examining the provision's plain language: "To interpret our Constitution, we give effect to its plain language. We presume the language of the Constitution was carefully selected, and we interpret words as they are generally understood." *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 148 (Tex. 1995) (citations omitted). On its face, the phrase encompasses any system or program under which a retired employee receives benefits "reasonably related to [the employee's] tenure and contributions." TEX. CONST. art. XVI, § 67(c)(2).

We conclude that both a pension system established under article 6243h, Revised Civil Statutes, and a public retirement system established under section 810.001 of the Government Code are systems of retirement benefits for the purposes of article XVI, section 67 of the constitution. Article 6243h's definition of the term "pension system" and section 810.001's definition of the term "public retirement system" are nearly identical, and both provide for retirement benefits. Under article 6243h, a pension system includes a "*retirement . . . benefit* plan[]" for municipal employees. TEX. REV. CIV. STAT. ANN. art. 6243h, § 1(18) (Vernon Supp. 2004) (emphasis added). Members monthly contribute a percentage of salary. *See id.* § 8(a). Benefits generally are paid out on a monthly basis after the member's retirement in an amount based upon the member's years of credited service. *See id.* §§ 6(f), 10(d)-(e). Likewise, under section 810.001, a public retirement system includes a "program or plan . . . of service *retirement . . . benefits*" for municipal employees. TEX. GOV'T CODE ANN. § 810.001(a)(2) (Vernon Supp. 2004) (emphasis added); *see* Tex. Att'y Gen. LO-98-70, at 2-3 (summarizing section 810.001's legislative history, showing that the legislature intended to authorize certain political subdivisions to create local retirement plans). Each active member of a retirement system established under section 810.001 must contribute an amount determined by the political entity, and the political entity also must contribute for each active member an amount determined by the political entity. *See* TEX. GOV'T CODE ANN. § 810.001(b) (Vernon Supp. 2004). The political entity's governing body may determine the benefits. *See id.* By their plain terms, article 6243h and section 810.001 provide for a program under which a retired employee receives benefits "reasonably related to . . . tenure and contributions." TEX. CONST. art. XVI, § 67(c)(2).

Consequently, under article XVI, section 67(a)(2) of the constitution, a retired City employee may not receive benefits under both the HMEPS and the City's proposed retirement system if the benefits are for the same service. *See* TEX. CONST. art. XVI, § 67(a)(2). Whether, in a particular case, an employee is receiving benefits from multiple systems for the same service, and thereby contravening article XVI, section 67(a)(2), is a question requiring the resolution of fact issues. Fact questions are not amenable to the opinion process. *See* Tex. Att'y Gen. Op. No. GA-0003 (2002) at 1 (stating that the opinion process does not determine facts).

You suggest that if we examine article XVI, section 67's "language and intent," we would find that "the actual constitutional prohibition is against a person receiving benefits under two different defined benefit plans that are based on formulas that utilize the employee's same years of service in computing benefits under each plan." Request Letter, *supra* note 1, at 3. Article XVI, section 67's language expressly prohibits receiving benefits from multiple "systems and programs of retirement . . . benefits for public employees." TEX. CONST. art. XVI, § 67(a)(1). Article XVI, section 67 on its face does not limit its reach to "defined benefit plans," such as the City's proposed plan. Moreover, both article 6243h of the Revised Civil Statutes and section 810.001 of the Government Code define the plans they authorize as plans for retirement benefits. *Compare* TEX. REV. CIV. STAT. ANN. art. 6243h, § 1(18) (Vernon Supp. 2004) (defining the term "pension system") *with* TEX. GOV'T CODE ANN. § 810.001(a)(2) (Vernon Supp. 2004) (defining the term "public retirement system").

We do not answer your first question, regarding the City's authority to create the proposed defined-contribution plan under state law. Request Letter, *supra* note 1, at 2. Even if the City may create such a plan under section 810.001 of the Government Code, retired City employees may not receive benefits from both the proposed plan and the HMEPS. *Cf.* Tex. Att'y Gen. LO-98-070, at 2 (stating that section 810.001 creates "an alternate" to a plan established under article 6243k).

Given our conclusion, you ask whether "the fact that an employee is not entitled to the distribution until after he or she terminates service with the City cure[s] the State law issues." Request Letter, *supra* note 1, at 3. Article XVI, section 67 expressly prohibits an employee from receiving "benefits from more than one system for the same service." TEX. CONST. art. XVI, § 67(a)(2). The fact that the employee would not be entitled to distribution of the Lump Sum Payment until after termination does not alter the fact that the employee would be receiving benefits from multiple systems for the same service. As you state, the Lump Sum Payment represents the employee's unused sick and vacation days "accumulated over the employee's entire term of service with the City." Request Letter, *supra* note 1, at 1. It is this same term of service that is the basis for benefits received under the article 6243h pension system. Accordingly, the Lump Sum Payment and the pension received from the HMEPS are benefits for the same service, prohibited by article XVI, section 67(a)(2).

You finally ask whether, given this conclusion, "the issues could be resolved under the 'meet and confer' provisions" of article 6243h, section 3(n), which was adopted in 2003. Request Letter, *supra* note 1, at 3; *see* Act of May 1, 2003, 78th Leg., R.S., ch. 40, § 2, 2003 Tex. Gen. Laws 76, 76-77. The new subsection (n) authorizes the HMEPS board to contract with the City regarding pension issues and benefits:

> Notwithstanding any other law, the pension board may enter into a written agreement with the city regarding *pension issues and benefits*. The agreement must be approved by the pension board and the [City's] governing body and signed by the mayor and by the pension board or the pension board's designee. The agreement is enforceable against and binding on the city and the pension system's members, retirees, deferred participants, beneficiaries, eligible survivors, and alternate payees.

TEX. REV. CIV. STAT. ANN. art. 6243h, § 3(n) (Vernon Supp. 2004) (emphasis added). The statute does not define the phrase "pension issues and benefits," which limits the subjects on which the pension board and City's governing body may enter a written agreement. *See id.*

In our opinion, the Lump Sum Payment's disposition is a pension issue or benefit about which the HMEPS and the City may enter a written agreement under article 6243h, section 3(n).

## S U M M A R Y

A pension system established under article 6243h, Revised Civil Statutes, and a public retirement system established under section 810.001 of the Government Code are systems of retirement benefits for the purposes of article XVI, section 67 of the Texas Constitution.   Accordingly, article XVI, section 67(a)(2), which forbids a person from receiving benefits from more than one public retirement system for the same service, forbids a person from receiving benefits from both the Houston Municipal Employee Pension System, established under article 6243h of the Revised Civil Statutes, and a separate retirement system established by the City of Houston under section 810.001 of the Government Code.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee